1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| CHRISTINE HELLYER, ANGELICA PONCE, CHARLES WARREN, DESTINEE RICHARD, and TAMMIE EDWARDS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SMILE BRANDS INC., SMILE BRANDS GROUP INC., and SMILE BRANDS FINANCE, INC.,<br><br>Defendants. | Case No. 8:21-cv-01886-DOC-ADS<br><br>Hon. David O. Carter<br>Courtroom 10A<br><br>**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE** |

## **CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

This Class Action Settlement Agreement and Release, dated June 23, 2023, is made and entered into by and among the Class Representatives Christine Hellyer, Angelica Ponce, Charles Warren, Destinee Richard, and Tammie Edwards ("Plaintiffs"),[1] for themselves individually and on behalf of the Settlement Class, and Defendants Smile Brands Inc., Smile Brands Group Inc., and Smile Brands Finance, Inc. (collectively, "Defendants," and with "Plaintiffs," the "Parties"). This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all of Plaintiffs' and the Settlement Class's Released Claims, upon and subject to the terms and conditions hereof, and subject to the Court's approval.

## I.   **BACKGROUND**

WHEREAS, on June 25, 2021, Smile Brands began notifying affected individuals of an alleged ransomware attack on April 24, 2021, which allegedly affected certain systems and data that Plaintiffs allege contained their and putative, absent class members' personally identifiable information ("PII") or Protected Health Information ("PHI"), including under the Health Insurance Portability and Accountability Act ("HIPAA") (the "Data Breach"). (Dkt. 1.)

WHEREAS, following the announcement of the alleged Data Breach, six putative class action complaints were filed against one or more of the Defendants or Smile Brands-Affiliated Dental Practices relating to the alleged Data Breach.[2]

---

[1] Except as otherwise specified, capitalized words and terms herein shall have the meanings ascribed in Paragraph IV.A. herein entitled "Definitions."

[2] *Warren v. Smile Brands Inc.*, No. 2:21-cv-09337-DOC-ADS (C.D. Cal.) (filed Oct. 28, 2021 and removed to federal court on December 21, 2021); *Hellyer v. Smile Brands Inc.*, No. 8:21-cv-01886-DOC-ADS (C.D. Cal.) (filed Nov. 16, 2021); *Ponce v. Smile Brands Inc.*, No. 21-cv-02115 (C.D. Cal.) (filed Nov. 18, 2021 and removed to federal court on December 23, 2021); *Edwards v. Smile Brands, Inc.*, No. 8:22-cv-00075-DOC-ADS (C.D. Cal.) (filed Jan. 14, 2022); *Richard v. Smile Brands Inc.*, No. 8:22-cv-00092 (C.D. Cal.) (filed Jan. 3, 2022 and removed to federal court on January 19, 2022); and *St. Hill v. Sahawneh Dental Corp.*, No. 5:22-cv-00273-DOC-ADS (C.D. Cal.) (filed Nov. 15, 2021 and removed to federal court on February 11, 2022).

Plaintiffs allege that unauthorized cybercriminals acquired, had access to, and viewed Plaintiffs' and putative absent class members' PII or PHI, including names, addresses, telephone numbers, dates of birth, Social Security numbers, personal financial information, government-issued identification numbers, health insurance information, personal health information, or diagnosis information.

WHEREAS, those cases were consolidated before the Honorable David O. Carter of the Central District of California under lead case *Hellyer v. Smile Brands Inc.*, No. 8:21-cv-01886-DOC-ADS (C.D. Cal.) (Dkt. 28, 39.)

WHEREAS, John Yanchunis of Morgan & Morgan, William B. Federman of Federman & Sherwood, and Abbas Kazerounian of Kazerouni Law Group APC were appointed as Interim Co-Lead Class Counsel, and Daniel S. Robinson of Robinson Calcagnie, Inc., and Patrick Keegan of Keegan & Baker LLP were appointed as Interim Co-Liaison Counsel. (Dkt. 28.)

WHEREAS, on March 3, 2022, Plaintiffs filed a Consolidated Class Action Complaint, alleging against all Defendants claims for (1) negligence, (2) invasion of privacy, (3) breach of contract, (4) breach of implied contract, (5) unjust enrichment, (6) violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 to 17210, (7) violations of California's Confidentiality of Medical Information Act, Cal. Civ. Code §§ 56 to 56.37, (8) violations of California's Consumer Privacy Act, Cal. Civ. Code §§ 1798.100 to 1798.199, (9) violations of California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1798.80 to 1798.84, (10) violations of California's Customer Records Act, Cal. Civ. Code §§ 1798.80 to 1798.84, and (11) injunctive and declaratory relief. (Dkt. 38.)

WHEREAS, on April 4, 2022, Defendants filed a Motion to Dismiss the Consolidated Complaint (Dkt. 46) and a Motion to Strike Nationwide and Issue Class Allegations in the Consolidated Complaint (Dkt. 48).

WHEREAS, in response to the Motion to Dismiss and Motion to Strike, on May 2, 2022, Plaintiffs filed an Amended Consolidated Class Action Complaint

(Dkt. 51), pursuant to the Parties' April 22, 2022, stipulation, which was entered by the Court on April 26, 2022 (Dkt. 50).

WHEREAS, the Parties engaged in extensive arm's-length settlement negotiations and, on May 16, 2022, participated in a full-day mediation session before JAMS mediator Daniel Garrie, Esq., and while there was no resolution at the mediation, discussions subsequent to the mediation resulted in an agreement in principle to settle the Action in full on a class wide basis.

WHEREAS, since the Parties' agreement in principle to settle was reached before discovery commenced, Defendants provided Plaintiffs with verified confirmatory discovery.

WHEREAS, Plaintiffs filed a Second Amended Consolidated Class Action Complaint on May 22, 2023. (Dkt. 71).

WHEREAS, pursuant to the terms set forth below, this Agreement resolves all Claims, actions, and proceedings asserted, or that could be asserted, against Defendants, Smile Brands-Affiliated Dental Practices, and the other Released Parties arising out of or related in any way to the alleged Data Breach, by or on behalf of members of the Settlement Class herein defined, but excluding those who opt out from the Settlement Class after receiving notice of this Settlement or as otherwise stated in this Agreement.

## II.   PLAINTIFFS' CLAIMS AND BENEFITS OF THE SETTLEMENT

WHEREAS, Plaintiffs and Class Counsel have conducted a thorough examination of the law and facts relating to the matters at issue in the Action regarding Plaintiffs' claims and Defendants' and Smile Brands-Affiliated Dental Practices' potential defenses, including obtaining verified confirmatory discovery from Defendants, as well as an assessment of the merits of Plaintiffs' expected arguments in a motion for class certification. Based on an analysis of the facts and the law applicable to Plaintiffs' claims in the Action, and taking into account the burden and expense of continued litigation, including the risks and uncertainties

associated with class certification, a protracted trial and appeal(s), as well as the fair, cost-effective, and assured method of resolving the claims of the Settlement Class, Plaintiffs and Class Counsel believe that resolution is an appropriate and reasonable means of ensuring that the Settlement Class is afforded important benefits and protections as expediently as possible. Plaintiffs and Class Counsel have also taken into account the uncertain outcome and the risk of further litigation, as well as the difficulties and delays inherent in such litigation.

WHEREAS, Plaintiffs and Class Counsel believe that the terms set forth in this Agreement confer substantial benefits upon the Settlement Class and have determined that they are fair, reasonable, adequate, and in the best interests of the Settlement Class.

WHEREAS, Defendants similarly have concluded that this Agreement is desirable to avoid the time, risk, and expense of defending protracted litigation, and to resolve finally and completely the claims of Plaintiffs and the Settlement Class, which they vigorously dispute on the merits.

## III.   FOR SETTLEMENT PURPOSES ONLY

WHEREAS, this Agreement, whether or not consummated, and any actions or proceedings taken pursuant to this Agreement, are for settlement purposes only and Defendants and Smile Brands-Affiliated Dental Practices specifically deny any and all wrongdoing. The existence of, terms in, and any action taken under or in connection with this Agreement shall not constitute, be construed as, or be admissible in evidence as, any admission by Defendants or the Smile Brands-Affiliated Dental Practices of (i) the validity of any claim, defense, or fact asserted in the Action or any other pending or future action, or (ii) any wrongdoing, fault, violation of law, or liability of any kind.

## IV.   TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs, individually and on behalf of the Settlement Class, and

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

Defendants that, subject to Court approval, the Action and Released Claims shall be finally and fully compromised, settled, and released, and a Judgment and Final Approval Order shall be entered subject to the following terms and conditions of this Settlement Agreement.

### A.   Definitions

As used herein, in addition to any definitions set forth elsewhere in this Agreement, the following terms shall have the meanings set forth below:

1.   "*Action*" means the consolidated class action captioned *Hellyer. v. Smile Brands Inc.,* No. 8:21-cv-01886-DOC-ADS (C.D. Cal.), before the Honorable David O. Carter in the United States District Court for the Central District of California, Southern Division.

2.   *"Administrative Expenses"* means all expenses incurred in the administration of this Settlement, including, without limitation, all Notice Expenses, locating Settlement Class Members, determining the eligibility of any person to be a Settlement Class Member, administrating and processing Settlement Class Member claims and Claim Forms, and administering, calculating, and distributing the Settlement Fund to Settlement Class Members. Administrative Expenses also include all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

3.   "*Agreement,*" "*Settlement Agreement,*" or "*Settlement*" mean this Class Action Settlement Agreement and Release (including all exhibits hereto).

4.   "*Approved Claim*" means a claim as evidenced by a Claim Form submitted by a Settlement Class Member that (a) is timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement; (b) is physically signed or electronically verified by the Settlement Class Member; (c) satisfies the conditions of eligibility for a Settlement Benefit as set forth herein; and (d) has been approved by the Settlement Administrator.

5.   "*Claimant*" means a Settlement Class Member who submits a

Claim Form for a Settlement Payment.

6. "***Claim Form***" means the form attached hereto as **Exhibit A**, as approved by the Court. The Claim Form must be submitted physically (*via* U.S. Mail) or electronically (*via* the Settlement Website) by Settlement Class Members who wish to file a claim for their given share of the Settlement Benefits pursuant to the terms and conditions of this Agreement. The Claim Form shall be available for download from the Settlement Website. The Settlement Administrator shall mail a Claim Form, in hardcopy form, to any Settlement Class Member who so requests.

7. "***Claims Deadline***" means the date by which all Claim Forms must be submitted electronically or postmarked to be considered timely and shall be set as the date 90 days after the Notice Date, or such other date as the Court may order. The Claims Deadline shall be clearly set forth in the Long Form Notice, the Summary Notice, the Claim Form, and the Court's order granting Preliminary Approval.

8. "***Claims Period***" means the period during which Settlement Class Members may submit Claim Forms to receive their given share of the Settlement Benefits and shall commence on the Notice Date and shall end on the date 90 days thereafter, or such other date as the Court may order.

9. "***Class Counsel***" and "***Plaintiffs' Counsel***" means attorneys John Yanchunis of Morgan & Morgan, William B. Federman of Federman & Sherwood, and Abbas Kazerounian of Kazerouni Law Group APC, who were appointed as Interim Co-Lead Class Counsel, and Daniel S. Robinson of Robinson Calcagnie, Inc., and Patrick Keegan of Keegan & Baker LLP, who were appointed as Interim Co-Liaison Counsel.

10. "***Class Representatives***" and "***Plaintiffs***" mean Christine Hellyer, Angelica Ponce, Charles Warren, Destinee Richard, and Tammie Edwards.

11. "***Complaint***" means the Second Amended Consolidated Class Action Complaint filed in the Action on May 22, 2023, as Docket Number 71.

12.     "***Court***" means the United States District Court for the Central District of California, Southern Division, the Honorable David O. Carter (or any judge sitting in his stead or to whom the Action may be transferred) presiding.

13.     "***Credit Monitoring and Identity Theft Insurance Services***" means the credit monitoring and identity theft insurance services to be provided to Participating Settlement Class Members by Experian, as further set forth in Paragraph IV.E.77. of this Agreement.

14.     "***Monetary Payment***" refers to the payment each Participating Settlement Class Member will receive for the alleged damages they suffered as a result of having their PII or PHI allegedly disclosed during the alleged Data Breach, which includes the damages for the claims brought under the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56 *et seq.*

15.     "***Data Breach***" refers to the alleged data breach that is the subject of this Action, namely the alleged April 24, 2021, ransomware attack on Smile Brands, which compromised certain of its systems that contained Plaintiffs' and Class members' information, including potentially PII and PHI, and which Smile Brands began notifying individuals of in June 2021.

16.     "***Defendants***" means, collectively, Smile Brands Inc., Smile Brands Group Inc., and Smile Brands Finance, Inc.

17.     "***Defendants' Counsel***" means Mayer Brown LLP on behalf of Defendants.

18.     "***Documented Time***" refers to time actually spent by a Settlement Class Member supported by Reasonable Documentation for attempting to remedy or remedying issues fairly traceable to the alleged Data Breach, including time spent on any identity fraud, theft, fraud, bank fees, card cancellations, credit card fees, late fees, declined payment fees, overdraft fees, returned check fees, customer service fees, card cancellation or replacement fees, credit-related costs related to purchasing credit reports, credit monitoring or identity theft protection, placing a freeze or alert

on credit reports, and replacing a driver's license, state identification card, or social security number.

19.     "***Effective Date***" means one business day following the latest of: (i) the deadline for filing or noticing any appeal of the Final Approval Order and Judgment if a notice of appeal has not been filed, or (ii) in the event of an appeal, the date of the appellate court's mandate, provided that the mandate finally affirms and leaves in place the Final Approval Order and Judgment without any material modification; or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari with respect to the Final Approval Order and Judgment.

20.     "***Fee Award and Costs***" means the amount of attorneys' fees and reimbursement of Litigation Costs awarded by the Court to Class Counsel.

21.     "***Final Approval Order and Judgment***" means, collectively, an order and judgment that the Court enters after the Final Approval Hearing, which finally approves the Settlement Agreement and dismisses the Action with prejudice and without material change to the Parties' agreed-upon proposed final approval order and judgment attached hereto as **Exhibit B** and **Exhibit C**, respectively.

22.     "***Final Approval Hearing***" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23 and whether to issue the Final Approval Order and Judgment. The Parties shall request that the Court schedule the Final Approval Hearing for a date that complies with the Class Action Fairness Act ("CAFA") notice provisions in 28 U.S.C. §1715(d).

23.     "***Litigation Costs***" means costs and expenses incurred by Class Counsel in connection with commencing, prosecuting, and settling the Action.

24.     "***Long Form Notice***" means the long form notice of settlement, substantially in the form attached hereto as **Exhibit D**.

25.     "***Net Settlement Fund***" means the amount of funds that remain in

the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) reasonable Administrative Expenses incurred pursuant to this Settlement Agreement, (ii) Taxes, (iii) any Service Awards approved by the Court, and (iv) any Fee Award and Costs approved by the Court.

26. "***Non-Profit Residual Recipient***" means Electronic Frontier Foundation, a 26 U.S.C. § 501(c)(3) non-profit organization.

27. "***Notice Date***" means the date upon which Settlement Class Notice is first disseminated to the Settlement Class, which shall be within 14 days of the Settlement Administrator receiving the Settlement Class List from Defendants, or such other date as the Court may order.

28. "***Notice Expenses***" means all reasonable costs and expenses expended in the execution of the Notice Plan, including (i) all costs and expenses incurred in connection with preparing, printing, mailing, disseminating, posting, promoting, emailing, hosting on the Internet, and publishing the Settlement Class Notice, identifying members of the Settlement Class, and informing them of the Settlement, and (ii) any other reasonable and necessary Notice and Notice-related expenses.

29. "***Notice Plan***" means the plan described in this Agreement for disseminating Notice to the Settlement Class Members of the terms of this Agreement and the Final Approval Hearing. Under the Notice Plan, Settlement Class Members identified in the Settlement Class List will be mailed the Summary Notice.

30. "***Objection Deadline***" means the date by which Settlement Class Members must file and postmark all required copies of any written objections, pursuant to the terms and conditions herein, to this Settlement Agreement and to any application or motion for (i) the Fee Award and Costs, or (ii) the Service Awards, which shall be 60 days following the Notice Date, or such other date as the Court may order.

31. "***Opt-Out Period***" means the period in which a Settlement Class

Member may submit a Request for Exclusion, pursuant to the terms and conditions herein, which shall expire 60 days following the Notice Date, or such other date as the Court may order. The deadline for filing a Request for Exclusion will be clearly set forth in the Settlement Class Notice.

32. "*Out-of-Pocket Costs*" means out-of-pocket costs or expenditures supported by Reasonable Documentation that a Settlement Class Member actually incurred, including unreimbursed losses and consequential expenses (including late fees, declined payment fees, overdraft fees, returned check fees, customer service fees, card cancellation or replacement fees, credit-related costs related to purchasing credit reports, credit monitoring or identity theft protection, costs to place a freeze or alert on credit reports, and costs to replace a driver's license, state identification card, or social security number) that are related to any identity theft and fraud fairly traceable to the alleged Data Breach and incurred on or after April 24, 2021.

33. "*Participating Settlement Class Member*" means a Settlement Class Member identified in the Settlement Class List who submits a valid and timely Claim Form approved by the Settlement Administrator for their given share of the Settlement Benefits pursuant to the terms and conditions of this Agreement.

34. "*Parties*" means, collectively, the Class Representatives and Defendants.

35. "*Person*" means any individual, corporation, trust, partnership, limited liability company or other legal entity and their respective predecessors, successors or assigns.

36. "*PII*" and "*Personally Identifying Information*" mean information that identifies, relates to, describes, is capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular consumer or household, including name, address, telephone number, date of birth, Social Security number, personal financial information, government-issued identification number,

and other similar identifying information of Plaintiffs and Settlement Class members.

37.   "***Preliminary Approval Order***" means the Court's Order preliminarily approving the Settlement without material modifications to the proposed order or this Agreement that are unacceptable to all Parties. A Proposed Preliminary Approval Order is attached to this Agreement as **Exhibit E**.

38.   "***Protected Health Information***" and "***PHI***" mean any individually identifiable information, in electronic or physical form, in possession of or derived from a provider of health care, health care service plan, pharmaceutical company, or contractor regarding a patient's medical history, mental or physical condition, or treatment, and includes, but is not limited to, health insurance information, diagnosis information, personal health information, other sensitive health information, and protected health information under HIPAA, 45 C.F.R. § 160.103, as of the date of this Settlement Agreement.

39.   "***Reasonable Documentation***" means documentation establishing a claim for Out-of-Pocket Costs or Documented Time, including, but not limited to, credit card statements, bank statements, invoices, telephone records, personal declarations or affidavits, and receipts. Out-of-Pocket Costs or Documented Time cannot be documented solely by a personal certification, declaration, or affidavit from the Claimant; a Settlement Class Member must provide supporting documentation.

40.   "***Released Claims***" means any and all claims or causes of action, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, attorneys' fees, costs, interest or expenses) that the Releasing Parties had or have prior to the Effective Date (including, but not limited to, assigned claims and any and all "Unknown Claims" as defined below) that have been or could have been asserted in the Action or in any

other action or proceeding before any court, arbitrator(s), tribunal, or administrative body (including but not limited to any state, local or federal regulatory body), arising from the alleged Data Breach or the acts, omissions, or other conduct by Defendants as alleged in the Action or that could have been alleged in the action, regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source. The Released Claims shall specifically include the claims in this Action for (1) negligence, (2) invasion of privacy, (3) breach of contract, (4) breach of implied contract, (5) unjust enrichment, (6) violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 to 17210, (7) violations of California's Confidentiality of Medical Information Act, Cal. Civ. Code §§ 56 to 56.3, (8) violations of California's Consumer Privacy Act, Cal. Civ. Code §§ 1798.100 to 1798.199, (9) violations of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1770, (10) violations of California's Customer Records Act, Cal. Civ. Code §§ 1798.80 to 1798.84, and (11) injunctive and declaratory relief. Released Claims for any Person in the Settlement Class identified on the Settlement Class List shall consist of a release of claims to the extent permitted pursuant to Federal Rules of Civil Procedure 23(b)(3). The inclusion of Unknown Claims was specifically bargained for and was a key element of the Settlement.

41. "***Released Parties***" means Defendants and their respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees, and assigns of any of the foregoing. The "Released Parties" include all of Smile Brands, Inc.'s affiliated dental practices as well as their predecessors and successors, including the Smile Brands-Affiliated Dental Practices listed in Exhibit 1 who have an employer, patient, or other connection with one or more Settlement Class Members. Each of the Released Parties

may be referred to individually as a "Released Party."

42. "***Releasing Parties***" means Plaintiffs, all Persons in the Settlement Class, including those submitting or not submitting a claim form for a Settlement Benefit. For minor children, "Releasing Parties" also includes their parents, guardians, guardian ad litem, or any like fiduciary. Each of the Releasing Parties may be referred to individually as a "Releasing Party." The Releasing Parties shall release claims to the fullest extent permitted pursuant to Federal Rule of Civil Procedure 23. The Releasing Parties shall exclude any individual who timely submits a valid Request for Exclusion, as defined below.

43. "***Request for Exclusion***" is the written communication by an individual, or his or her legal representative, in which he or she requests to be excluded from the Settlement Class.

44. "***Service Awards***" means the amount of remuneration to be paid to the Class Representatives in recognition of their efforts on behalf of the Settlement Class, in an amount to be ordered by the Court, as set forth in Section IV.K.

45. "***Settlement Administrator***" means the qualified third-party administrator and agent agreed to by the Parties and approved and appointed by the Court in the Preliminary Approval Order to administer the Settlement, including providing the Notice. Plaintiffs recommend, and Defendants do not oppose, that the Court appoint Simpluris, Inc. as Settlement Administrator to design, consult on, and implement the Notice and related requirements of this Agreement, the Settlement Website, the submission and review of Claim Forms, and related requirements of this Agreement, subject to the Court's approval.

46. "***Settlement Benefits***" means the total value of benefits Settlement Class Members receive pursuant to this Agreement, including non-monetary benefits and relief and Administrative Expenses.

47. "***Settlement Class***" means the approximately 1.5 million persons whose PII or PHI may have been acquired as a result of the alleged Data Breach and

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

who are identified on the Settlement Class List as having been sent individualized, written notice of the alleged Data Breach. Excluded from the Settlement Class are: (1) the judges presiding over the Action, and members of their families; (2) the Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former officers, and directors, and (3) individuals who properly execute and submit a procedurally proper and timely Request for Exclusion prior to the expiration of the Opt-Out Period.

48.    "*Settlement Class List*" means the list generated by Defendants containing the last known name and mailing address for the approximately 1.5 million persons who fall under the definition of the Settlement Class.

49.    "*Settlement Class Member*" means a Person who falls within the definition of the Settlement Class and who does not submit a valid and timely Request for Exclusion prior to the expiration of the Opt-Out Period.

50.    "*Settlement Class Notice*" or "*Notice*" means the form of Court-approved notice of this Agreement that is disseminated to the Settlement Class. The Settlement Class Notice shall consist of the Summary Notice and the Long Form Notice.

51.    "*Settlement Fund*" means $5 million to be paid by Defendants as specified in Paragraphs IV.D. of this Agreement, plus any interest accrued thereon after Defendants' payment.

52.    "*Settlement Payment*" means any payment to be made to any Participating Settlement Class Member on Approved Claims pursuant to Section IV.E. of this Agreement.

53.    "*Settlement Website*" means the Internet website, with the following URL address, to be created, launched, and maintained by the Settlement Administrator, and which allows for the electronic submission of Claim Forms and Requests for Exclusion, and provides access to relevant case documents, including

the Settlement Agreement and Release, Settlement Class Notice, information about the submission of Claim Forms, downloadable Claim Forms, and other relevant documents: www.smilebrandsbreachsettlement.com.

54.    ***"Smile Brands-Affiliated Dental Practices"*** means those entitled identified in Exhibit 1 attached hereto.

55.    "***Summary Notice***" means the summary notice of the proposed Settlement herein, substantially in the form attached hereto as **Exhibit F**.

56.    "***Taxes***" means (i) any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon Defendants or their counsel with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund; (ii) any other taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) relating to the Settlement Fund that the Settlement Administrator determines are or will become due and owing, if any; and (iii) any and all expenses, liabilities and costs incurred in connection with the taxation of the Settlement Fund (including without limitation, expenses of tax attorneys and accountants).

57.    "***Unknown Claims***" shall have the meaning set forth below in Paragraph IV.C.63 of this Agreement.

**B.    Required Events and Cooperation by Parties**

58.    Preliminary Approval. Class Counsel shall submit this Agreement to the Court and shall move the Court to enter the Preliminary Approval Order no later than June 30, 2023, in the form attached as **Exhibit E**.

59.    Cooperation. The Parties shall, in good faith, cooperate, assist, and undertake all reasonable actions and steps to accomplish all requirements of this Agreement on the schedule set by the Court, subject to the terms of this Agreement.

60.   <u>Certification of the Settlement Class</u>. For purposes of this Settlement only, Plaintiffs and Defendants stipulate to the certification of the Settlement Class under Federal Rule of Civil Procedure 23(b)(3), which is contingent upon the Court entering the Preliminary and Final Approval Order and Judgment of this Settlement and the occurrence of the Effective Date. Should: (1) the Settlement not receive preliminary or final approval from the Court, or (2) the Effective Date does not occur, this Agreement and the certification of any Settlement Class shall be void. Defendants reserve the right to contest class certification for all other purposes. Plaintiffs and Defendants further stipulate to designate the Class Representatives as the representatives for the Settlement Class.

61.   <u>Final Approval</u>. Within 30 calendar days after the Claims Deadline, Class Representatives and Class Counsel shall move the Court for a Final Approval Order and Judgment of this Settlement, to be issued following the Final Approval Hearing. The motion shall request a Final Approval Hearing on the first Monday that is more than 28 days after the filing of the motion, subject to Court availability.

**C.   Releases**

62.   <u>The Release</u>. Upon the Effective Date, and in consideration of the Settlement Benefits described herein, each Releasing Party shall be deemed to have released, acquitted, and forever discharged Defendants and each of the Released Parties from any and all Released Claims.

63.   <u>Unknown Claims</u>. The Released Claims include the release of Unknown Claims. "Unknown Claims" means claims that could have been raised in the Action and that Plaintiffs, any member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if known by him, her, or it, might affect his, her, or its agreement to release the Released Parties or the Released Claims or might affect his, her, or its decision to agree or object to, or opt-out of, the Settlement. Upon the Effective Date, Plaintiffs, the Settlement Class, and any Releasing Party shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest

extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights, and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code. Plaintiffs, the Settlement Class, and the Releasing Parties acknowledge that they may discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any Unknown Claims they may have, as that term is defined in this Paragraph.

64.     <u>Exclusive Remedy</u>. This Agreement shall be the sole and exclusive remedy of the Releasing Parties against any of the Released Parties relating to any and all Released Claims. Upon the entry of the Judgment, each and every Releasing Party shall be permanently barred and enjoined from initiating, asserting, or prosecuting any Released Claim(s) against any of the Released Parties in any court, arbitration, tribunal, forum or proceeding.

65.     <u>Covenant Not to Sue</u>. The Releasing Parties, including all persons or entitled to act by, through, under, or in concert with any of them, agree not to sue or otherwise make a claim against the Released Parties with respect to any Released Claims.

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

66.  <u>Jurisdiction of the Court</u>. The Parties agree that the Court shall retain exclusive and continuing jurisdiction over the above-captioned Action, the Parties, Settlement Class Members, and the Settlement Administrator to interpret and enforce the terms, conditions, and obligations of this Agreement.

**D.   Settlement Fund**

67.  <u>Deposits.</u> Defendants agree to pay five million dollars and no cents ($5,000,000) into the Settlement Fund as follows: (i) Defendants shall pay two million dollars and no cents ($2,000,000) into the Settlement Fund ten (10) business days after the Court enters the Preliminary Approval Order to cover reasonable costs associated with the Notice Plan and any other Administrative Expenses incurred prior to entry of the Final Approval Order and Judgment; and (ii) Defendants shall pay three million dollars and no cents ($3,000,000) into the Settlement Fund within ten (10) business days after the Court enters the Final Approval Order and Judgment.

68.  <u>Custody of Settlement Fund.</u> The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or returned to those who paid the Settlement Fund in the event this Settlement Agreement is voided, terminated, or cancelled.

a.   In the event this Settlement Agreement is voided, terminated, or cancelled for any reason: (i) the Class Representatives and Class Counsel shall have no obligation to repay any of the Administrative Expenses that have been paid or incurred in accordance with Section IV.F; (ii) any amounts remaining in the Settlement Fund after payment of Administrative Expenses paid or incurred in accordance with Section IV.F of this Agreement, including all interest earned on the Settlement Fund net of any Taxes, shall be returned to the Defendants who made payment into the Settlement Fund; and (iii) no other person or entity shall have any further claim whatsoever to such amounts.

69.  <u>Non-Reversionary.</u> This Settlement is not a reversionary settlement. As

of the Effective Date, all rights of Defendants in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is voided, cancelled, or terminated, as described in Paragraph IV.D.68 and Section IV.J in this Agreement. In the event that the Settlement received Preliminary and Final Approval and the Effective Date occurs, no portion of the Settlement Fund shall be returned to any Defendant.

70.     Use of the Settlement Fund. As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for: (i) all Administrative Expenses; (ii) any Taxes; (iii) any Service Awards; (iv) any Fee Award and Costs; (v) the cost of the Credit Monitoring and Identity Theft Insurance Services; (vi) any Approved Claims for any Monetary Payments, Out-of-Pocket Costs Payments, and Documented Time Payments pursuant to the terms and conditions of Paragraph IV.E.77 of this Agreement; and (vii) any other Settlement Benefits.

71.     Financial Account. The Settlement Fund shall be an account established and administered by the Settlement Administrator at a financial institution approved by Class Counsel and Defendants' Counsel, and, shall be maintained as a qualified settlement fund within the meaning of Treasury Regulation 26 C.F.R. § 1.468 B-1.

72.     Payment/Withdrawal Authorization. No amounts from the Settlement Fund may be withdrawn unless (i) expressly authorized by the Settlement Agreement or (ii) approved by the Court. Class Counsel may authorize the periodic payment of actual reasonable Administrative Expenses from the Settlement Fund as such expenses are invoiced without further order of the Court. The Settlement Administrator shall provide Class Counsel and Defendants' Counsel with notice of any withdrawal or other payment the Settlement Administrator proposes to make from the Settlement Fund before the Effective Date at least seven business days prior to making such withdrawal or payment.

73.     Payments to Class Members. The Settlement Administrator, subject to

such supervision and direction of the Court or Class Counsel as may be necessary or as circumstances may require, shall administer and oversee distribution of the Settlement Fund to Settlement Class Members pursuant to this Agreement. The Settlement Administrator and Class Counsel are responsible for communicating with Settlement Class Members regarding the distribution of the Settlement Fund and amounts paid under the Settlement.

74. <u>Treasury Regulations & Fund Investment.</u> The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation 26 C.F.R. § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation 26 C.F.R. § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC") at a financial institution determined by the Settlement Administrator and approved by the Parties. Funds may be placed in a non-interest bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

75. <u>Taxes.</u> All Taxes relating to the Settlement Fund shall be paid out of the Settlement Fund, shall be considered an Administrative Expense, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes (including, without limitation, taxes payable by reason of any such

indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

   76. <u>Limitation of Liability.</u>

    a. The Defendants and their counsel shall not have any responsibility for or liability whatsoever with respect to (i) any act, omission or determination of Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any tax returns. Defendants also shall have no obligation to communicate with Class Members and others regarding amounts paid under the Settlement.

    b. The Class Representatives and Class Counsel shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement

Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, or costs incurred in connection with the taxation of the Settlement Fund, the filing of any tax returns, of the Fees Award and Costs.

c.      The Settlement Administrator shall indemnify and hold Class Counsel, the Settlement Class, Class Representatives, and Defendants harmless for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

### E.      Settlement Benefits

77.      Each Participating Settlement Class Member may qualify for the following:

a.      <u>Credit Monitoring and Identity Theft Insurance Services.</u> Each Participating Settlement Class Member will receive two years of Credit Monitoring and Identity Theft Insurance Services. The Credit Monitoring and Identity Theft Insurance Services will be provided by Experian and generally the same or similar to the product offered by Defendants to those on the Settlement Class List following the announcement of the Data Breach. In the event that a Participating Settlement Class Member already maintains a subscription for the Credit Monitoring and Identity Theft Insurance Services with Experian, their service will be extended by two years for no additional charge. The expenses associated with procuring Credit Monitoring and Identity Theft Insurance Services on behalf of the Participating

Settlement Class Members will be paid by the Settlement Administrator using the Net Settlement Fund. The Credit Monitoring and Identity Theft Insurance Services will provide certain services to each Participating Settlement Class Member, including:

- 1-Bureau Credit Monitoring
- Dailey Credit Alerts - New Inquiries, New Accounts Created, Change of Address Requests Associated with Credit Account, Changes to Public Records, and Posting of Potentially Negative Information
- Credit Report Upon Enrollment through Experian Bureau
- Credit Report Daily Online or Quarterly Offline
- No Hit Alerts
- Customer and Fraud Resolution Support
- Identity Theft Insurances up to $1 Million
- Comprehensive Educational Resources
- ExtendCARE – Fraud Resolution Extends Beyond the Life Of Initial Membership.[3]

b.     <u>Monetary Payment</u>. In addition to Credit Monitoring and Identity Theft Insurance Services, each Participating Settlement Class Member will receive a check from the Settlement Fund for the alleged damages they suffered as a result of having their PII or PHI allegedly disclosed during the alleged Data Breach, which includes the alleged damages claimed under the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56 *et seq*. The check amount will depend on the participation rate for the Settlement and the amount will be each Participating Settlement Class Member's pro rata share of the remaining Net Settlement Fund, after

---

[3] Settlement Class Members who are considered minors will instead be offered Experian's Minor Plus® credit monitoring service, which is specially tailored to provided services geared towards minors.

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

all other Settlement Benefits have been paid for out of the Remaining Net Settlement Fund, including payment for all claims for Credit Monitoring and Identity Theft Insurance Services, Out-of-Pocket Costs Payments, and Documented Time Payments. The following chart depicts an approximation of the Monetary Payment amounts before deducting costs for the Credit Monitoring and Identity Theft Insurance Services, Out-of-Pocket Costs Payments, and Documented Time Payments:

| Participation Rate | Approx. Monetary Payment |
|---|---|
| 1% | $158.41 |
| 2% | $79.20 |
| 3% | $52.80 |
| 4% | $39.60 |
| 5% | $31.68 |
| 6% | $26.40 |
| 8% | $19.80 |
| 10% | $15.84 |

In the event that a Monetary Payment made to Participating Settlement Class Members would exceed per Settlement Class Member one thousand dollars and no cents ($1,000.00), then the Parties will seek guidance from the Court on how to proceed. To receive a Monetary Payment, a Settlement Class Member must submit a valid and timely Claim Form to the Settlement Administrator. Settlement Class Members will be notified in the Long Form Notice and Summary Notice that the act of submitting a Valid Claim Form to the Settlement Administrator (via U.S. Mail or through the Settlement Website) entitles them to be a Participating Settlement Class Member and constitutes a representation that they are electing to receive a Monetary Payment under the Settlement.

        c.    <u>Out-of-Pocket Costs Payment</u>. In addition to the Credit Monitoring and Identity Theft Insurance Services and a Damages Payment, each

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

Participating Settlement Class Member may submit a claim for up to $5,000 for reimbursement of Out-of-Pocket Costs ("Out-of-Pocket Costs Payment"). To receive an Out-of-Pocket Costs Payment, a Settlement Class Member must choose to do so on their given Claim Form and submit to the Settlement Administrator the following: (i) a valid and timely Claim Form electing to receive the Out-of-Pocket Costs Payment benefit; (ii) an attestation regarding any actual and unreimbursed Out-of-Pocket Costs; and (iii) Reasonable Documentation that demonstrates the Out-of-Pocket Costs to be reimbursed.

           d.    <u>Documented Time Payment</u>. In addition to the Credit Monitoring and Identity Theft Insurance Services, a Damages Payment, and Out-of-Pocket Costs Payment, each Participating Settlement Class Member may submit a claim for up to five hours of Documented Time at $25 per hour ("Documented Time Payment"). To receive a Documented Time Payment, a Settlement Class Member must choose to do so on their given Claim Form and submit to the Settlement Administrator the following: (i) a valid and timely Claim Form electing to receive the Documented Time Payment benefit; (ii) an attestation regarding the Documented Time; and (iii) Reasonable Documentation that demonstrates their Documented Time.

78.    <u>Electronic Payment.</u> Participating Settlement Class Members will be provided the option to receive any Settlement Payment due to them pursuant to the terms of this Agreement by electronic payment. In the event Participating Settlement Class Members do not exercise this option, they will receive their Settlement Payment by a physical check sent by U.S. Mail.

79.    <u>Deadline to File Claims.</u> Claim Forms for Credit Monitoring and Identity Theft Insurance Services, Damages Payment, Out-of-Pocket Costs Payment, or Documented Time Payment must be submitted electronically, or postmarked, within 90 days after the Notice Date.

80.    <u>The Settlement Administrator.</u> The Settlement Administrator shall have

<b>CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE</b>

the authority to determine whether a Claim Form is valid, timely, and complete, and to what extent a Claim Form electing to receive an Out-of-Pocket Costs Payment or Documented Time Payment reflects valid Out-of-Pocket Costs or Documented Time. Any Out-of-Pocket Costs or Documented Time shall be deemed fairly traceable to the alleged Data Breach, as determined by the Settlement Administrator, if the Out-of-Pocket Costs or Documented Time occurred on or after April 24, 2021, and the Settlement Administrator determines the Out-of-Pocket Costs and Documented Time incurred are related to the types of PII or PHI subject to the alleged Data Breach. To the extent, the Settlement Administrator determines a timely claim for an Out-of-Pocket Costs Payment or Documented Time Payment submitted through a Claim Form is deficient, within ten (10) business days of making such a determination, the Settlement Administrator shall notify the Claimant of the deficiencies and that Claimant shall have until twenty (20) business days after the Claims Deadline to cure the deficiencies and re-submit the claim. The Settlement Administrator shall exercise reasonable discretion to determine whether the Claimant has cured the deficient claim such that it reflects valid Out-of-Pocket Costs or Documented Time that are fairly traceable to the alleged Data Breach. If the Claimant fails to cure the deficiency, the Settlement Administrator shall have no obligation to make the Out-of-Pocket Costs Payment or Documented Time Payment to that Claimant.

81.   Timing of Settlement Benefits. Within 30 days after: (i) the Effective Date; or (ii) all Claim Forms have been processed subject to the provisions of Paragraph IV.F.89 of this Agreement, whichever date is later, the Settlement Administrator shall cause funds to be distributed to Participating Settlement Class Members. Within 30 days of the Effective Date, the Settlement Administrator shall provide Participating Settlement Class Members with enrollment instructions for the Credit Monitoring and Identity Theft Insurance Services.

82.   Order of Distribution of Net Settlements Fund. The Settlement Administrator must first use the available Net Settlements Fund to pay for the Credit

Monitoring and Identity Theft Insurance Services. The Settlement Administrator shall then utilize the remaining funds to make all Out-of-Pocket Costs Payments. The Settlement Administrator shall then utilize the remaining funds to make all Monetary Payments and Documented Time Payments. Settlement Class Members with Approved Claims who receive a Monetary Payment, Out-of-Pocket Costs Payment, or a Documented Time Payment, by physical check, shall have 90 days following distribution to deposit or cash their cash benefit check. Participating Settlement Class Members who receive the Credit Monitoring and Identity Theft Insurance Services shall have 90 days following distribution of the enrollment instructions to sign up for the services.

83.    <u>Pro-Rata Contingencies</u>.

a.    In the event that the aggregate amount of all Out-of-Pocket Costs Payments exceeds the total amount of the Net Settlement Fund, then the value of the Out-of-Pocket Costs Payment to be paid to each Participating Settlement Class Member shall be reduced on a pro rata basis, such that the aggregate value of all Out-of-Pocket Payments does not exceed the Net Settlement Fund. In such an event, no Net Settlement Funds will be distributed to Approved Claims for a Monetary Payment or Documented Time Payment.

b.    In the event that (i) the aggregate amount of all Out-of-Pocket Costs Payments does not exceed the Net Settlement Fund, and (ii) the aggregate amount of all Monetary Payments and Documented Time Payments is greater than the Net Settlement Fund, less the aggregate amount of the Out-of-Pocket Costs Payments, then the value of each Participating Settlement Class Members' Monetary Payment and Documented Time Payment shall be reduced on a pro rata basis, equally, such that the aggregate value of all Monetary Payments, Out-of-Pocket Costs Payments, and Documented Time Payments does not exceed the Net Settlement Fund. If the Monetary Payment to each Participating Settlement Class Member receiving that benefit were to be less than $5.00, no Monetary Payments

will be made and the Net Settlement Funds for Monetary Payments will instead be used to provide additional Credit Monitoring or Identity Theft Insurance Services to all Participating Settlement Class Members.

          c.    All pro rata determinations required by this Paragraph shall be performed by the Settlement Administrator.

84.   <u>Residual Funds.</u> To the extent any monies remain in the Net Settlement Fund more than 150 days after the distribution of Settlement Payments to the Participating Settlement Class Members, a subsequent Settlement Payment will be evenly made to all Participating Settlement Class Members with Approved Claims who cashed or deposited the initial payment they received, provided that the average check amount is equal to or greater than five dollars and no Cents ($5.00). The pro rata distribution of these residual funds remaining in the Net Settlement Fund shall continue until the average check amount in a distribution is less than Five Dollars and No Cents ($5.00). In the event that a subsequent Settlement Payment made to Participating Members would exceed two hundred and fifty dollars and no cents ($250.00), then the Parties will seek guidance from the Court on how to disburse the remaining Net Settlement Fund. If the average check amount in the distribution would be less than five dollars and no cents ($5.00), the remaining Net Settlement Fund, if any, shall be distributed to the Non-Profit Residual Recipient.

85.   <u>Returned Checks.</u> For any Settlement Payment returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to find a valid address and resend the Settlement Payment within thirty (30) days after the check is returned to the Settlement Administrator as undeliverable. The Settlement Administrator shall only make one attempt to resend a Settlement Payment.

86.   <u>Residue of Settlement Fund.</u> No portion of the Settlement Fund shall revert or be repaid to Defendants after the Effective Date. Any residual funds

remaining in the Net Settlement Fund, after all Administrative Expenses, Taxes, costs associated with the Credit Monitoring and Identity Theft Insurance Services, payment to Approved Claims have been paid (or set aside for such purposes), and the redistribution of residual funds as described in Paragraph IV.E.84, shall be distributed to Non-Profit Residual Recipient.

87.   <u>Additional Settlement Benefits to the Class.</u> The Parties agree, and hereby stipulate, that Class Representatives, Class Counsel, and this litigation were a substantial motivating factor for the following remedial efforts taken by Defendants, which are estimated to have cost Defendants an amount in excess of $4.5 million:

      a.  Offering Settlement Class Members one year, and two years in some cases, of identity protection and identity restoration services, provided with the written notification of the alleged Data Breach;

      b.  Changing passwords for certain access levels;

      c.  Enhancing endpoint protection and monitoring using Crowdstrike;

      d.  Distributed Denial of Service ("DDoS") protection;

      e.  Web Application Firewall protection;

      f.  multi-factor authentication for VPN access;

      g.  Advanced threat protection for e-mails;

      h.  Implementing a privilege access management (PAM) solution;

      i.  Implementing a host vulnerability management solution;

      j.  Outsourcing 24x7 Security Operations Center (SOC) services and a Security Incident & Events Management (SIEM) solution to an experienced third-party provider;

      k.  Implementing a Cloud Security Posture Management (CSPM) solution;

      l.  Performing a comprehensive penetration test with a third party;

      m. Refreshing the enterprise information technology security policies;

      n.  Hiring a Vice President of Security to augment the existing team led by

the Chief Information Officer;

o. Implemented a Data Loss Protection (DLP) solution.

88.     Total Settlement Value. Given the amount of the Settlement Fund, the provision of at least two years of Credit Monitoring and Identity Theft Insurance Services to Participating Settlement Class Members, and the improvements to Defendants' data security practices that resulted from this Action, Plaintiffs and Proposed Class Counsel's current estimation, which is not opposed by Defendants, of the total value of the settlement benefits offered to the Settlement Class is in excess of $13 million. The actual value of the Settlement Benefits provided to the Class is $9.5 million plus an additional $3,632,551.01 for every one percent (1%) of Class Members receiving Credit Monitoring and Identity Theft Insurance Services,[4] but before excluding the cost of Credit Monitoring and Identity Theft Insurance Services. For example, if one percent (1%) of the Settlement Class enrolls in Credit Monitoring and Identity Theft Insurance Services, the total value of the settlement benefits will be $13,132,551.01, but before excluding the cost of Credit Monitoring and Identity Theft Insurance Services. Therefore, the value of the settlement benefits offered is likely to exceed $13 million. The Settlement Value includes the $5 million Settlement Fund, the $4.5 million in enhanced security measures by Defendants (for which the litigation was a substantial motivating factor) listed in Paragraph IV.E.87 and the Credit Monitoring and Identity Theft Insurance Services detailed in Paragraph IV.E.77.

**F.     Settlement Administration**

89.     Submission of Claims.

a.     Submission of Electronic or Hard Copy Claim Forms. Settlement Class Members may submit electronically verified Claim Forms to the

---

[4] The Credit Monitoring and Identity Theft Insurance Services is valued at $9.99 per month for each Participating Settlement Class Member receiving that benefit.

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

Settlement Administrator through the Settlement Website, or may download Claim Forms to be filled out, signed, and submitted physically by mail to the Settlement Administrator. Claim Forms must be submitted electronically or postmarked during the Claims Period and on or before the Claims Deadline. The Settlement Administrator shall reject any Claim Forms that are incomplete, inaccurate, or not timely received and shall provide Claimants the ability to cure timely, but defective claims as provided in Paragraph IV.E.80.

    b. <u>Review of Claim Forms</u>. The Settlement Administrator will review Claim Forms submitted by Settlement Class Members to determine whether they are eligible for a Settlement Payment.

  90. <u>Settlement Administrator's Duties</u>.

    a. <u>Cost Effective Claims Processing</u>. The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner, and calculate Settlement Payments in accordance with this Agreement.

    b. <u>Dissemination of Notices</u>. The Settlement Administrator shall disseminate the Settlement Class Notice as provided for in this Agreement.

    c. <u>Maintenance of Records</u>. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Defendants' Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. Upon request, the Settlement Administrator shall provide Class Counsel and Defendants' Counsel with information concerning Notice, administration, and implementation of the Settlement. Without limiting the foregoing, the Settlement Administrator shall:

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

i.      Receive Requests for Exclusion from Settlement Class Members and provide Class Counsel and Defendants' Counsel a copy thereof no later than five (5) days following the Opt-Out Period, or receipt if received after expiration of the Opt-Out Period.

ii.      Provide weekly or other periodic reports to Class Counsel and Defendants' Counsel that include, without limitation, reports regarding the number of Claim Forms received, the number of Claim Forms approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected by the Settlement Administrator. The Settlement Administrator shall also, as requested by Class Counsel or Defendants' Counsel and from time to time, provide the amounts remaining in the Net Settlement Fund.

iii.      Make available for inspection by Class Counsel and Defendants' Counsel the Claim Forms and any supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

iv.      Cooperate with any audit by Class Counsel or Defendants' Counsel, who shall have the right but not the obligation to review, audit, and evaluate all Claim Forms for accuracy, veracity, completeness, and compliance with the terms and conditions of this Agreement.

a.      <u>Creation and Maintenance of Settlement Website</u>. The Settlement Administrator shall create the Settlement Website. The Settlement Website shall contain information regarding how to submit Claim Forms (including submitting Claims Forms electronically through the Settlement Website) and relevant documents, including the Long Form Notice, Summary Notice, the Claim Form, this Agreement, the Preliminary Approval Order entered by the Court, and the operative complaint in the Action. The Settlement Website shall also include a toll-free telephone number and mailing address through which Settlement Class Members may contact the Settlement Administrator directly. The Settlement Website shall also

allow for submission of Requests of Exclusion electronically through the Settlement Website.

91.    <u>Requests for Additional Information</u>. In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

92.    <u>Timing of Settlement Benefits</u>. The Settlement Administrator shall comply with Paragraph IV.E.81 herein and shall make all Settlement Payments contemplated in Paragraphs IV.E.77 of this Agreement by either electronic payment or check and send them to Participating Settlement Class Members within 90 days after: (i) the Effective Date; or (ii) all Claim Forms have been processed subject to the provisions of Paragraph IV.F.89 of this Agreement, whichever date is later.

**G.    Settlement Class Notice**

93.    <u>Direct Notice</u>. Within two business days after the date of the Preliminary Approval Order, Defendant shall provide the Settlement Class List to the Settlement Administrator.

94.    Because the Settlement Class List will be provided to the Settlement Administrator solely for purposes of providing the Class Notice and Settlement Benefits and processing opt-out requests, the Settlement Administrator will execute a confidentiality and non-disclosure agreement with Defendants, Defense Counsel, and Class Counsel and will ensure that any information provided to it by Settlement Class Members, Class Counsel, Plaintiffs' Counsel, Defense Counsel, or Defendants, including the Class Member Information, will be secure and used solely for the purpose of effecting this Settlement.

95.    Within 14 days after receipt of Settlement Class List, the Settlement Administrator shall disseminate the Summary Notice to the members of the Settlement Class by U.S. Mail. Settlement Class Members may mail the Claim Form attached to the Summary Notice, or use the unique class member identifier contained

in the Notice to log on the Settlement Website and either download a Claim Form to submit by mail or submit the Claim Form online. The Settlement Administrator shall use other reasonable fraud-prevention mechanisms to prevent (i) submission of Claim Forms by persons other than potential Settlement Class Members, and (ii) submission of more than one Claim Form per person. In the event a Claim Form is submitted without a unique class member identifier the Settlement Administrator shall employ reasonable effort to ensure that the Claim is valid.

96.    <u>Email Reminder.</u> For any Participating Settlement Class Member for whom the Settlement Administrator has an email address, and who has not submitted a valid Claim Form, the Settlement Administrator shall transmit periodic email reminders of the opportunity to file a Claim Form prior to the Claim Deadline.

97.    <u>Settlement Website</u>. Prior to any dissemination of the Summary Notice, within 14 days after Preliminary Approval of this Agreement, including the form and content of the Settlement Class Notice, and prior to the Notice Date, the Settlement Administrator shall cause the Settlement Website to be launched on the Internet in accordance with this Agreement.

98.    <u>Contents of the Long Form Notice</u>. The Long Form Notice shall, *inter alia*, (i) specify the deadline for Settlement Class Members to submit Requests for Exclusion from, object to, or otherwise comment upon the Settlement by day, month, and year, and state that any objection to this Agreement, and any papers submitted in support of said objection, will only be considered by the Court at the Final Approval Hearing if, on or before the deadline to opt-out of, object to, or otherwise comment upon the Settlement, the Person making the objection files copies of such papers he or she proposes to submit for consideration at the Final Approval Hearing with the Clerk of the Court and delivers copies of the same by mail, hand, or overnight delivery service to both Class Counsel and Defendants' Counsel; (ii) contain instructions on how to submit a Claim Form; (iii) note the deadline for Settlement Class Members to submit a Claim Form; and (iv) note the date, time, and location of

the Final Approval Hearing. A copy of the Long Form Notice is attached hereto as **Exhibit D** hereto.

### H.   Opt-Out Procedures

99.   At any time during the Opt-Out Period, any individual on the Settlement Class List may submit a Request for Exclusion from the Settlement at any time during the Opt-Out Period. To be valid, the Request for Exclusion must be (i) submitted electronically on the Settlement Website, or (ii) postmarked or received by the Settlement Administrator on or before the end of the Opt-Out Period. If a Request for Exclusion to the Settlement Administrator is submitted by U.S. Mail such Request for Exclusion must be in writing and must identify the case name *Hellyer v. Smile Brands Inc.,* Case No. 8:21-cv-01886-DOC-ADS (C.D. Cal.); state the name, address, and telephone number of the Settlement Class Members seeking exclusion; be physically signed by the person seeking exclusion; and contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Hellyer v. Smile Brands Inc.*, Case No. 8:21-cv-01886-DOC-ADS (C.D. Cal.)." Any Person who elects to request exclusion from the Settlement Class shall not (i) be bound by any orders or Judgment entered in the Action, (ii) be entitled to relief under the Settlement Agreement, (iii) gain any rights by virtue of the Settlement Agreement, or (iv) be entitled to object to any aspect of this Settlement Agreement. No Person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

### I.   Objection and Comment Procedures

100.   Any Settlement Class Member may comment in support of or in opposition to the Settlement and may do so in writing, in person, or through counsel, at his or her own expense, at the Final Approval Hearing. Except as the Court may order otherwise, no objection to the Settlement shall be heard, and no papers, briefs, pleadings, or other documents submitted by any objector shall be received and considered by the Court unless such objector mails to the Court a written objection

with the caption *Hellyer v. Smile Brands Inc.* Case No. 8:21-cv-01886 (C.D. Cal.), that includes: (i) the Settlement Class Member's full name, current mailing address, and telephone number; (ii) a signed statement that he or she believes himself or herself to be a member of the Settlement Class and the basis of such belief; (iii) the specific grounds for the objection; (iv) all documents or writings that the Settlement Class Member desires the Court to consider; and (v) a statement regarding whether they (or counsel of their choosing) intend to appear at the Final Approval Hearing. All written objections must be postmarked no later than the Objection Deadline. Any objector who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in the Action or in any other action or proceeding.

## J.    Modification or Termination of the Agreement

101.    <u>Limitation of Liability.</u> The Class Representatives collectively (on behalf of the Settlement Class Members) and Defendants shall have the right to terminate this Agreement by providing written notice of their or its election to do so ("Termination Notice") within seven (7) days of: (1) the Court's refusal to grant Preliminary or Final Approval of the Agreement in any material respect; or (2) within 14 days of any of the following: (i) the Court's refusal to enter the Judgment in any material respect, or (ii) the date upon which the Judgment is modified or reversed in any material respect by any appellate or other court.

102.    The terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that, after entry of the Preliminary Approval Order, the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Agreement.

103.   If a Party exercises his, her, or its option to withdraw from, rescind, revoke, or terminate this Agreement pursuant to any provision herein, then the Settlement proposed herein shall become null and void (with the exception of Paragraphs IV.D.68 herein) and shall have no legal effect and may never be mentioned at trial or in dispositive, class certification, or other motion papers (except as necessary to explain the timing of the procedural history of the Action), and the Parties will return to their respective positions existing immediately before the execution of this Agreement.

104.   Notwithstanding any provision of this Agreement, in the event this Agreement is not approved by any court, or terminated for any reason, or the Settlement set forth in this Agreement is declared null and void, or in the event that the Effective Date does not occur, Settlement Class Members, Plaintiffs, and Class Counsel shall not in any way be responsible or liable for any of the Administrative Expenses, or any expenses, including costs of notice and administration associated with this Settlement or this Agreement, except that each Party shall bear its own attorneys' fees and costs.

**K.   Service Awards**

105.   Class Representatives and Class Counsel may seek Service Awards to be awarded to the Class Representatives. Any requests for such awards must be filed at least 21 days before the Objection Deadline. Defendants agree not to oppose requests for Service Awards to the extent they do not exceed two thousand five hundred and no cents ($2,500) per Class Representative.

106.   The Settlement Administrator shall pay the Service Awards approved by the Court to the Class Representatives from the Settlement Fund. Such Service Awards shall be paid by the Settlement Administrator, in the amount approved by the Court, five (5) business days after the Effective Date.

107.   If the Court declines to approve, in whole or in part, the payment of the Service Awards in the amounts requested, the remaining provisions of this

Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of Service Awards shall constitute grounds for cancellation or termination of this Agreement.

### L. Fee Award and Costs

108.   Class Counsel may file a motion for an award of the Fee Award and Costs to be paid from the Settlement Fund. The motion must be filed at least 21 days before the Objection Deadline. Defendants agree not to oppose a request by Class Counsel for an award of attorneys' fees that does not exceed one million and six hundred thousand dollars and no cents ($1,600,000) and costs. Prior to the disbursement or payment of the Fee Award and Costs under this Agreement, Class Counsel shall provide to Defendants and the Settlement Administrator a properly completed and duly executed IRS Form W-9. Fee Award and Costs shall be paid by the Settlement Administrator, in the amount approved by the Court, five (5) business days after the Effective Date.

109.   Unless otherwise ordered by the Court, Class Counsel shall have the sole and absolute discretion to allocate any approved Fee Award and Costs amongst Plaintiffs' Counsel and any other attorneys for Plaintiffs. Defendants shall have no liability or other responsibility for allocation of any such attorneys' fees and costs.

110.   The Parties negotiated the maximum amount of the attorneys' fees and expenses to be sought by Class Counsel only after reaching an agreement upon the relief provided to the Settlement Class.

111.   The Settlement is not conditioned upon the Court's approval of the Fee Award and Costs or the Service Awards.

### M. Judgment

112.   <u>Limitation of Liability.</u> This Agreement is subject to and conditioned upon the issuance by the Court of the Judgment, which will grant final approval of this Agreement and among other things shall:

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

a. Dismiss the Action with prejudice and without costs, except as contemplated by this Agreement;

b. Decree that neither the Judgment nor this Agreement constitutes an admission by the Defendants or Smile Brands-Affiliated Dental Practices of any liability or wrongdoing whatsoever;

c. Bar and enjoin all Releasing Parties from asserting against any of the Released Parties any and all Released Claims;

d. Release each Released Party from any and all Released Claims;

e. Determine that this Agreement is entered into in good faith and represents a fair, reasonable, and adequate settlement that is in the best interests of the members of the Settlement Class; and

f. Preserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendants and all Participating Settlement Class Members, to administer, supervise, construe, and enforce this Agreement in accordance with its terms for the mutual benefit of the Parties, but without affecting the finality of the Judgment.

### N. Representations and Warranties

113. Each signatory to this Agreement represents and warrants (i) that he, she, or it has all requisite power and authority to execute, deliver, and perform this Agreement and to consummate the transactions contemplated herein, (ii) that the execution, delivery and performance of this Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of each signatory, and (iii) that this Agreement has been duly and validly executed and delivered by each signatory, and constitutes its legal, valid, and binding obligation.

114. Defendants will provide to Plaintiffs the Settlement Class List containing the list of persons to whom Defendants provided individual written notice

under HIPAA of the alleged Data Breach, and represent and warrant such information is true and correct to the best of Defendants' knowledge.

### O.   No Admission of Liability or Wrongdoing

115.   This Agreement, whether or not consummated, and any negotiations, proceedings or agreements relating to this Agreement, and any matters arising in connection with settlement negotiations, proceedings, or agreements:

a.      Shall not be admissible in any action or proceeding for any reason, other than an action to enforce the terms hereof;

b.      Shall not be described as, construed as, offered or received against the Released Parties as evidence of or deemed to be evidence of any presumption, concession, or admission by any Released Party of the truth of any fact alleged by Plaintiffs; the validity of any claim that has been or could have been asserted in the Action or in any litigation; the deficiency of any defense that has been or could have been asserted in the Action or in any litigation; or any liability, negligence, fault, or wrongdoing of any of the Released Parties; and

c.      Shall not be described as or construed against the Released Parties, Plaintiffs, or any Settlement Class Members as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been awarded to Plaintiffs or Settlement Class Members after trial.

### P.   Miscellaneous Provisions

116.   <u>Entire Agreement</u>. This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications, and understandings among the Parties. Each of the Parties to this Agreement acknowledges that no other Party to this Agreement, nor any agent or attorney of any such party, has made any promise, representation, or warranty, express or implied, not contained in this Agreement to induce either party to execute this Agreement. Neither Party is relying on the other Party or their agents or attorneys

and rather each Party decided to resolve the dispute in their own independent determination and judgment. This Agreement may not be changed, modified, or amended except as provided in Paragraph IV.J.102. The Parties contemplate that, subject to Court approval or without such approval where legally permissible, the exhibits to this Agreement may be modified by subsequent Agreement of counsel for the Parties prior to dissemination of the Settlement Class Notice to the Settlement Class.

117.   <u>Governing Law</u>. This Agreement shall be construed under and governed by the laws of the State of California, applied without regard to laws applicable to choice of law.

118.   <u>Execution by Counterparts</u>. This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile signatures or signatures sent via email shall be treated as original signatures and shall be binding.

119.   <u>Notices</u>. Any notice, instruction, application for Court approval or application for Court orders sought in connection with this Agreement or other document to be given by any Party to any other Party shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, if to Defendants to the attention of Defendants' Counsel, or if to Plaintiffs or the Settlement Class to Class Counsel, or to other recipients as the Court may specify. All notices to the Parties or counsel required by this Agreement shall be made in writing and communicated by mail and email to the following addresses:

///

///

///

///

///

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

| If to Plaintiffs or Class Counsel: | If to Defendants or Defendant's Counsel: |
|---|---|
| John Yanchunis<br>MORGAN & MORGAN COMPLEX LITIGATION GROUP<br>201 N Franklin Street, 7th Floor<br>Tampa, FL 33602<br><br>William B. Federman<br>FEDERMAN & SHERWOOD<br>10205 North Pennsylvania Avenue<br>Oklahoma City, OK 73120<br><br>Abbas Kazerounian<br>KAZEROUNI LAW GROUP, APC<br>245 Fischer Avenue, Unit D1<br>Costa Mesa, CA 92626 | John Nadolenco<br>Douglas A. Smith<br>MAYER BROWN LLP<br>333 South Grand Avenue, 47th Floor<br>Los Angeles, CA 90071 |

120. <u>Binding Effect</u>. This Agreement shall be binding upon and inure to the benefit of the heirs, successors, assigns, executors, and legal representatives of each of the Parties hereto.

121. <u>Construction</u>. For the purpose of construing or interpreting this Agreement, the Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

122. <u>Severability</u>. The waiver or breach by one Party of any provision of this Agreement shall not be deemed a waiver or breach of any other provision of this Agreement.

123. <u>Integration of Exhibits</u>. The exhibits to this Agreement and any exhibits thereto are an integral and material part of the Settlement and are hereby incorporated and made a part of the Agreement.

124. <u>Headings</u>. The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

125. <u>Taxability</u>. Defendants do not make and have not made any representations regarding the taxability of any Settlement Benefit, Fee Award, or any other payments made pursuant to this Agreement. Plaintiffs, Class Representatives,

and Class Counsel (on behalf of themselves and the Settlement Class Members) represent that that they have not relied upon any representation of any of the Defendants or their attorneys or the Settlement Administrator on the subject of taxability of any consideration provided under this Agreement. Plaintiffs, Class Representatives, and Class Counsel (on behalf of themselves and the Settlement Class Members) understand and expressly agree that any income or other tax, including any interest, penalties or other payment obligations ultimately determined to be payable from or with respect to any Settlement Benefit, the Fee Award and Costs, or any other payments made pursuant to this Agreement, as well as any state or federal reporting obligations imposed on them arising therefrom or attributable thereto, shall not be Defendants' responsibility.

126. <u>Deadlines.</u> If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this Agreement shall refer to calendar days, unless otherwise specified. The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

127. <u>Dollar Amounts.</u> All dollar amounts are in United States dollars, unless otherwise expressly stated.

128. <u>Schedule Leading Up to the Final Approval Order and Judgment</u>. Solely for sake of convenience, the Parties summarize in this section the schedule leading up to the Final Approval Order and Judgment. The Parties do not intend for this section to impose any obligations in addition to, or different from, those provided elsewhere in this Agreement.

///

///

///

///

| Event | Governing Paragraph | Date |
|---|---|---|
| Plaintiffs file motion seeking Preliminary Approval Hearing and entry of Preliminary Approval Order | Paragraph 58 | No later than June 30, 2023 |
| Preliminary Approval Hearing | Paragraph 58 | July 31, 2023, subject to the Court's availability |
| Defendants Provide Settlement Class List to Settlement Administrator | Paragraph 93 | No later than 2 business days after entry of the Preliminary Approval Order |
| Settlement Administrator Mails the Summary Notice | Paragraph 95 | No later than 14 days after receiving the Settlement Class List |
| Plaintiffs file motion for Fees and Costs and Service Awards | Paragraphs 105, 108 | 21 days before Objection Deadline (*i.e.*, 39 days after Notice Date) |
| Objection Deadline and End of Opt-Out Period | Paragraphs 30-31 | 60 calendar days after Notice Date |
| Claims Deadline | Paragraph 7 | 90 calendar days after Notice Date |
| Deadline to cure defects in Claims Forms submitted by the Claims Deadline | Paragraph 80 | 20 business days after Claims Deadline |
| Settlement Administrator provides opt-out notices | Paragraph 90 | Five calendar days following the Opt-Out Period, or receipt of an opt-out request received after Opt-Out Period |

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

| Plaintiffs file motion seeking Final Approval Hearing and entry of Final Approval Order and Judgment | Paragraph 61 | 120 calendar days after Notice Date |
| --- | --- | --- |
| Final Approval Hearing | Paragraph 61 | On the first Monday 28 days after Plaintiffs file motion seeking Final Approval Hearing and entry of Final Approval Order and Judgment, subject to the Court's availability |

**IN WITNESS WHEREOF**, each of the Parties hereto has caused this Agreement to be executed on its behalf by its duly authorized counsel of record, all as of the day set forth below:

Date: _06/23/2023_

Abbas Kazerounian
KAZEROUNI LAW GROUP, APC
Interim Co-Lead Counsel for Plaintiffs

Date: _____

John Yanchunis
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
Interim Co-Lead Counsel for Plaintiffs

Date: _____

William B. Federman
FEDERMAN & SHERWOOD
Interim Co-Lead Counsel for Plaintiffs

Date: _6/23/23_

Daniel S. Robinson
ROBINSON CALCAGNIE, INC.
Interim Co-Liaison Counsel for Plaintiffs

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

| Plaintiffs file motion seeking Final Approval Hearing and entry of Final Approval Order and Judgment | Paragraph 61 | 120 calendar days after Notice Date |
|---|---|---|
| Final Approval Hearing | Paragraph 61 | On the first Monday 28 days after Plaintiffs file motion seeking Final Approval Hearing and entry of Final Approval Order and Judgment, subject to the Court's availability |

**IN WITNESS WHEREOF**, each of the Parties hereto has caused this Agreement to be executed on its behalf by its duly authorized counsel of record, all as of the day set forth below:

Date: _____
                            _____
                            Abbas Kazerounian
                            KAZEROUNI LAW GROUP, APC
                            Interim Co-Lead Counsel for Plaintiffs

Date: _____
                            _____
                            John Yanchunis
                            MORGAN & MORGAN
                            COMPLEX LITIGATION GROUP
                            Interim Co-Lead Counsel for Plaintiffs

Date: 6/26/2023
                            _____
                            William B. Federman
                            FEDERMAN & SHERWOOD
                            Interim Co-Lead Counsel for Plaintiffs

Date: 6/23/23
                            _____
                            Daniel S. Robinson
                            ROBINSON CALCAGNIE, INC.
                            Interim Co-Liaison Counsel for Plaintiffs

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

1

Date: 6/26/23

Patrick N. Keegan
KEEGAN & BAKER, LLP
Interim Co-Liaison Counsel for Plaintiffs

Date: 6/23/23

Brad Schmidt
Executive Vice President and Chief Financial
Officer for Smile Brands Inc., Smile Brands
Group Inc., and Smile Brands Finance, Inc.

Approved as to Form:

Date: 6/23/23

Doug Smith
MAYER BROWN LLP
Counsel for Defendants Smile Brands Inc.,
Smile Brands Group Inc., and Smile Brands
Finance, Inc.

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

**Exhibit 1**
(Smile Brands-Affiliated Dental Practices)

DecisionOne Dental
Alan J. Acierno, P.C.
Acierno Dental, SC
Castle 1st Dental Care, P.A.
Castle Dental Associates of Texas, P.C.
Castle Mid-South Dental Center, P.C.
Dental Professionals Cleveland – Nouneh, Inc.
Exquisite Smiles Dental, LLC
Glenview Smiles, LLC
Harvest Plaza Dental, PLLC
Herman Dental Corporation
Hima Reddy, P.C.
Jefferson Park Family Dental, LLC
Lake Chautauqua Dental, P.C.
Leng C. Haong, D.D.S., Inc.
Magnolia Family Dentistry, LLC
Mazin Alayssami, D.M.D. & Associates, P.A.
Merit Dental, Inc.
Merit Dental of Connecticut, P.C.
Merit Dental of Massachusetts, P.C.
Merit Dental – Michigan, P.C.
Merit Dental II – Michigan, P.C.
Merit Dental of Ohio – Nouneh, Inc.
Merit Dental of Ohio II – Nouneh, Inc.
Merit Dentistry of Indiana, P.C.
Merit Dental of Pennsylvania, P.C.
Merit Dental of Virginia, P.C.
Midwest Dental Care, Mondovi, Inc.
Midwest Dental Care, Sheboygan, Inc.
Midwest Dental of Illinois, LLC
Midwest Dental of Iowa, PLC
Midwest Dental Kansas, Derby, PA
Midwest Dental Kansas, Wichita Woodlawn, P.A.
Midwest Dental Kansas, Augusta State Street, P.A.
Midwest Dental – Mohamed Harunani, D.D.S., P.C.
Modern Dental Professionals - Abilene, P.C.
Modern Dental Professionals - Arizona, Inc.
Modern Dental Professionals - Colorado, P.C.
Modern Dental Professionals - Dallas/Fort Worth, P.C.
Modern Dental Professionals – El Paso, P.C.
Modern Dental Professionals – Houston, P.C.
Modern Dental Professionals – Indiana, P.C.
Modern Dental Professionals – Midland/Odessa, P.C.
Modern Dental Professionals – Minnesota, P.C.
Modern Dental Professionals - New Mexico, P.C.
Modern Dental Professionals - Nouneh, Inc.
Modern Dental Professionals - Oklahoma, P.C.
Modern Dental Professionals - Philadelphia, P.C.
Modern Dental Professionals - San Antonio, P.C.

Modern Dental Professionals - Smith, P.A.
Modern Dental Professionals - Utah, P.C.
Mondovi Dental of New Hampshire, P.C.
Mondovi Dental of New Jersey – Cabana, P.C.
Monarch Dental
Mountain Dental, Inc.
Mountain Dental of New Mexico, P.C.
Northwest Dental Associates, P.C.
Nurani, P.C.
Olympia Family Dental, LLC
Dental - Welebir, P.C.
Pearson, P.C.
Reddy Dental, P.C
Sahawneh Dental Corporation
Sarika Sood Dental Corporation
Steven G Johnson Dental Corporation
Valley Forge Dental of Florida, P.A.
Village at Newtown Dentists P.C.
Welebir Dental Corporation
ConsumerHealth, Inc.