# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| CHRISTINE HELLYER, ANGELICA PONCE, CHARLES WARREN, DESTINEE RICHARD, and TAMMIE EDWARDS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SMILE BRANDS INC., SMILE BRANDS GROUP INC., and SMILE BRANDS FINANCE, INC.,<br><br>Defendants. | Case No. 8:21-cv-01886-DOC-ADS<br><br>Hon. David O. Carter; Courtroom 10A<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVING FORM AND CONTENT OF CLASS NOTICE**<br><br>Date: August 1, 2023<br>Time: 7:30 a.m.<br>Dept.: 10A |

**WHEREAS**, Plaintiffs Christine Hellyer, Angelica Ponce, Charles Warren, Destinee Richard, and Tamie Edwards ("Plaintiffs") and Defendants Smile Brands Inc., Smile Brands Group Inc. and Smile Brands Finance, Inc. ("Defendants" and together with Plaintiffs, the "Parties") in the above-described class action ("Action") have moved for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, regarding certain matters in connection with a proposed settlement of the Action, in accordance with a Class Action Settlement Agreement and Release ("Settlement Agreement") entered into by the Parties on June 23, 2023, which, together with the exhibits thereto, sets forth the terms and conditions for a proposed resolution of this litigation and for its dismissal with prejudice;

**WHEREAS**, this Court has reviewed the Settlement Agreement entered into by the Parties, all exhibits thereto, the record in this case, and the Parties' arguments.

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Court finds that the Parties have shown the Court it will likely be able to approve the proposed Settlement, as embodied in the Settlement Agreement, as being fair, reasonable, and adequate under Rule 23(e) of the Federal Rules of Civil Procedure, subject to further consideration at the Final Approval Hearing to be conducted, as described in Paragraphs 20-22 below.

2. All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

3. The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits thereto, Plaintiffs' motion papers and briefs, and the declaration of counsel. Based on its review of these papers, the Court finds that the Settlement Agreement resulted from serious, informed, and non-collusive negotiations conducted with the assistance of JAMS mediator Daniel Garrie, Esq.

4. The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Settlement Class and fall

within the range of possible approval as fair, reasonable, and adequate.

5. The Court therefore GRANTS the preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

## Certification for Settlement Purposes Only

6. The Settlement Agreement defines the Settlement Class as follows: the approximately 1.5 million persons whose PII or PHI may have been acquired as a result of the alleged Data Breach and who are identified on the Settlement Class List as having been sent individualized, written notice of the alleged Data Breach. Excluded from the Settlement Class are: (1) the judges presiding over the Action, and members of their families; (2) the Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former officers, and directors, and (3) Settlement Class Members who properly execute and submit a procedurally proper Request for Exclusion prior to the expiration of the Opt-Out Period.

7. If the Settlement Agreement is not finally approved by this Court, or if such final approval is reversed or materially modified on appeal by any court, (a) to the extent applicable, the Preliminary Approval Order, the Final Approval Order, and the Judgment, and all of its or their provisions will be vacated by its or their own terms, including, but not limited to, vacating any and all rulings regarding class certification for settlement purposes, including conditional certification of the Settlement Class under Rule 23(b)(3), conditional appointment of Plaintiffs as Class Representatives, and conditional appointment of Plaintiffs' Counsel as Class Counsel; (b) the Settlement Agreement will be deemed null and void (with the exception of Paragraphs IV.D.68.), and the Action will revert to the status that existed before the Settlement Agreement's execution date; and (c) (i) no term or draft of the Settlement Agreement, (ii) nor any part of the Parties' settlement discussions, negotiations, or documentation (including any declaration or brief filed in support of the motion for preliminary approval or motion for final approval), (iii) nor any rulings

regarding class certification for settlement purposes (including the Preliminary Approval Order and, if applicable, the Final Approval Order and the Judgment), will have any effect or be admissible into evidence for any purpose in the Action or any other proceeding. If the Court does not approve the Settlement or enter the Final Approval Order and the Judgment for any reason, or if the Effective Date of the Settlement cannot occur for any reason, Defendants shall retain all their rights, for example, to object to the maintenance of the Action as a class action, to move for summary judgment, and to assert defenses at trial, and nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Action may properly be maintained as a class action, or for any other purpose.

8. Solely for purposes of effectuating the proposed Settlement, the Court finds, pursuant to Rule 23(e)(1), that the requirements for class certification under Federal Rule of Civil Procedure 23(a) are likely to be found satisfied as: the Settlement Class is comprised of more than one million individuals; there are questions of law or fact common to the Settlement Class; the Class Representatives' claims are typical of those of Settlement Class Members; and the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class.

9. Solely for purposes of effectuating the proposed Settlement, the Court finds, pursuant to Rule 23(e)(1), that the requirements for class certification under Federal Rule of Civil Procedure 23(b)(3) are likely to be found satisfied as: the questions of law or fact common to the Settlement Class predominate over individual questions and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

10. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for purposes of effectuating the Settlement, the Court hereby appoints as Class Representatives: Christine Hellyer, Angelica Ponce, Charles Warren, Destinee

Richard, and Tammie Edwards.

11. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for purposes of effectuating the Settlement, the Court hereby appoints as Class Counsel to represent the proposed Settlement Class: John Yanchunis of Morgan & Morgan, William Federman of Federman & Sherwood, Abbas Kazerounian of Kazerouni Law Group APC, Daniel S. Robinson of Robinson Calcagnie, Inc., and Patrick Keegan of Keegan & Baker LLP. Solely for the purposes of effectuating the Settlement, Class Counsel are authorized to act on behalf of the Class Representatives, and all other Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Settlement Agreement, including all acts that are reasonably necessary to consummate the Settlement, subject to final approval by the Court of the Settlement.

**Administration and Notice to the Settlement Class**

12. The Court appoints Simpluris Inc., to serve as the Settlement Administrator. Simpluris Inc. shall supervise and administer the notice procedures, establish and operate the Settlement Website, administer the claims processes, distribute cash payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties that are reasonably necessary or provided for in the Settlement Agreement.

13. All reasonable costs of notice and costs of administering the Settlement shall be paid from the Settlement Fund as contemplated by Paragraph IV.D.70 of the Settlement Agreement.

14. The Court approves, as to form and content, of the proposed Claim Form, Long Form Notice, and the Summary Notice, which are attached to the Settlement Agreement as Exhibits A, D and F, respectively, and finds that their dissemination substantially in the manner and form set forth in the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is

reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, the effect of the proposed Settlement (including the releases contained therein), the anticipated Motion for Attorneys' Fees and Expenses and for Service Awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement.

15. Within two business days of the Court entering the Preliminary Approval Order, Defendants shall, for the purpose of facilitating the distribution of the Summary Notices, provide the Settlement Administrator, who shall maintain such list confidentially and shall not disclose to any other party or third person, with the Settlement Class List.

16. Pursuant to Section IV.G. of the Settlement Agreement, the Settlement Administrator shall complete dissemination of the Notice on or before the Notice Date, defined in the Settlement Agreement as 14 days from the date the Settlement Administrator receives the Settlement Class List from Defendants. Within 14 days after entry of this Preliminary Approval Order, the Settlement Administrator shall establish the Settlement Website which shall contain relevant documents relating to the settlement such as the Notices, information about the submission of Claim Forms, and other relevant documents (such as the operative complaint filed in the Action, the Settlement Agreement, the Preliminary Approval Order, Claim Form, any application for the Fee and Expense Award and Service Award, any brief filed by the Parties in support of the Settlement, and the Final Approval Order).

**Participation in the Settlement, Requests for Exclusion and Objections**

17. Settlement Class Members who wish to make a Claim must do so by submitting a Claim Form by the Claim Deadline, which is hereby set as 90 days following the Notice Date, in accordance with the instructions contained therein. The Settlement Administrator shall determine the eligibility of Claims submitted and allocate the Settlement Funds in accordance with the Settlement Agreement.

18. Settlement Class Members who wish to object to the Settlement must

mail to the Court, or file through the Court's ECF system, a written objection with the caption *Hellyer v. Smile Brands Inc.* Case No. 8:21-cv-01886-DOC-ADS (C.D. Cal.), that includes: (i) the Settlement Class Member's full name, current mailing address, and telephone number; (ii) a signed statement that he or she believes himself or herself to be a member of the Settlement Class and the basis of such belief; (iii) the specific grounds for the objection; (iv) all documents or writings that the Settlement Class Member desires the Court to consider; and (v) a statement regarding whether they (or counsel of their choosing) intend to appear at the Final Fairness Hearing. All written objections must be post-marked no later than the Objection Deadline. Any member of the Settlement Class who does not file a valid and timely written objection in accordance with these procedures and the procedures detailed in Paragraph IV.I.100 of the Settlement Agreement, shall be deemed to have waived his or her objections and forever be barred from making any such objections in the Action or in any other action or proceeding.

19. Any putative member of the Settlement Class who seeks to be excluded from the Settlement Class must submit a Request for Exclusion, which must be (i) submitted electronically on the Settlement Website, or (ii) postmarked or received by the Settlement Administrator on or before the end of the Opt-Out Period. If a Request for Exclusion to the Settlement Administrator is made via US Mail, the request must be in writing and must identify the case name *Hellyer v. Smile Brands Inc.,* Case No. 8:21-cv-01886-DOC-ADS (C.D. Cal.); state the name, address and telephone number of the Settlement Class Members seeking exclusion; be physically signed by the Person(s) seeking exclusion; and contain a statement to the effect that "I/We hereby request to be excluded from the proposed Settlement Class in *Hellyer v. Smile Brands Inc.,* Case No. 8:21-cv-01886 (C.D. Cal.)."  Any Person who elects to request exclusion from the Settlement Class shall not (i) be bound by any orders or Judgment entered in the Action, (ii) be entitled to relief under this Agreement, (iii) gain any rights by virtue of this Agreement, or (iv) be entitled to object to any aspect of this

Agreement. No Person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs. Any member of the Settlement Class who does not file a valid and timely Request for Exclusion shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order.

### Final Approval Hearing

20. The Final Approval Hearing shall be held by the Court on January 15, 2024, beginning at 8:30 a.m., in Courtroom 10A of the United States District Court for the Central District of California, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California 92701.

21. At the Final Approval Hearing, the Court will determine whether: (1) the requirements for certification of the Settlement Class under Federal Rule of Civil Procedure 23(b)(3) have been met; (2) the proposed settlement of the Action on the terms set forth in the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; (3) Class Counsel's motion for a Fee and Expense Award and Service Awards should be approved; and (4) the Final Approval Order and the Judgment approving the Settlement and dismissing the Action on the merits with prejudice against the Plaintiffs and all other Settlement Class Members should be entered.

22. The Final Approval Hearing may, without further notice to the Settlement Class Members (except those who have filed timely and valid objections and requested to speak at the Final Hearing), be continued or adjourned by order of the Court.

23. Objections by any Settlement Class Member to (a) the certification of the Settlement Class under Federal Rule of Civil Procedure 23(b)(3); (b) the Settlement; and/or (c) the entry of the Final Approval Order and Final Judgment, shall be considered by the Court at the Final Approval Hearing only if such Settlement Class Member files with the Court a notice of his or her objections, submits documentary proof that he or she is a Settlement Class Member, and states

the basis for such objections.

24. On or before December 18, 2023, Class Counsel shall file all papers in support of the application for the Final Approval Order and Final Judgment. On or before September 26, 2023, Class Counsel shall file all papers in support of any motion for a Fee and Expense Award and Service Award.

25. Objections by any Settlement Class Member to Class Counsel's motion for a Fee and Expense Award and Service Awards shall be considered by the Court at the Final Approval Hearing only if such Settlement Class Member files with the Court a notice of his or her objections, submits documentary proof that he or she is a Settlement Class Member, and states the basis for such objections, by October 17, 2023.

26. Class Counsel's Motion for a Fee and Expense Award and Service Award will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal from any order relating solely to Class Counsel's Motion for a Fee and Expense Award and Service Award, or any reversal or modification of any such order, shall not operate to terminate, vacate, or cancel the Settlement.

27. All proceedings and deadlines in this matter, except those necessary to implement this Order and the Settlement, are hereby stayed and suspended until further order by the Court.

28. All Persons in the Settlement Class who do not validly and timely opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

29. The Parties' Counsel are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the Settlement Agreement.

///

**IT IS SO ORDERED.**

Dated: August 4, 2023

_David O. Carter_
HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE