# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| CHRISTINE HELLYER, ANGELICA PONCE, CHARLES WARREN, DESTINEE RICHARD, and TAMMIE EDWARDS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SMILE BRANDS INC., SMILE BRANDS GROUP INC., and SMILE BRANDS FINANCE, INC.,<br><br>Defendants. | Case No. 8:21-cv-01886-DOC-ADS<br><br>Hon. David O. Carter<br>Courtroom 10A<br><br>**[REDACTED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT [89-1]**<br><br>Date: January 16, 2024<br>Time: 8:30 AM<br>Dept.: 10A |

1

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**

**WHEREAS**, the Court held a Final Approval Hearing to consider approval of this class action Settlement on January 16, 2024. The Court has considered the Settlement Agreement (Dkt. 78) all matters submitted to it at the Final Approval Hearing, the relevant law, and all other files, records, and proceedings in this Action.

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:**

1. For purposes of this Order, the Court adopts the terms and definitions set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this Action and all matters relating to the Settlement, as well as personal jurisdiction over the Class Representatives, the Settlement Class Members, and Defendants Smile Brands Inc., Smile Brands Group Inc., and Smile Brands Finance, Inc.

3. The Court finds that the Notice was implemented in accordance with the Preliminary Approval Order and (a) constituted the best practicable notice under the circumstances; (b) constituted notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action; their right to submit a claim; their right to object to any aspect of the Settlement or Class Counsel's motion for attorneys' fees and expenses and Service Payments to the Class Representatives; their right to exclude themselves from the Settlement Class; and their right to appear at the Final Approval Hearing; (c) was reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.

4. The Court finds that, for purposes of the Settlement only, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied. The Court certifies under Rule 23(b)(3) the following Settlement Class for purposes of Settlement only as follows:

///

<table>
<tr><td>1<br>2<br>3<br>4<br>5<br>6</td><td>The approximately 1.5 million persons whose PII or PHI may have been compromised as a result of the alleged Data Breach and who are identified on the Settlement Class List as having been sent individualized notice. Excluded from the Settlement Class are: (1) the judges presiding over the Action, and members of their families; (2) the Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former officers or directors; and (3) individuals who properly execute and timely submit a procedurally proper Request for Exclusion prior to the expiration of the Opt-Out Period.</td></tr>
</table>

5. The Court incorporates herein by reference the class-certification analysis set forth in the "Order Granting Preliminary Approval of Class Action Settlement and Approving Form and Content of Class Notice." As to the Settlement Class, the Court continues to find that the class action prerequisites of Federal Rule of Civil Procedure 23(a) are satisfied. Specifically, the court continues to find that (i) the class is so numerous that joinder would be impractical, (ii) that common questions of law and fact exist as to the class, (iii) that the claims or defenses of the representative parties, here the Class Representatives, are typical of the claims or defenses of the class, and (iv) that the representative parties will fairly and adequately protect the interests of the class. In addition, the Court continues to find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *See* Fed. R. Civ. P. 23(b)(3).

6. Plaintiffs Christine Hellyer, Angelica Ponce, Charles Warren, Destinee Richard, and Tammie Edwards ("Class Representatives") are hereby appointed, for settlement purposes only, representatives for the Settlement Class for purposes of Federal Rule of Civil Procedure 23.

7. John Yanchunis of Morgan & Morgan, William Federman of Federman & Sherwood, Abbas Kazerounian of Kazerouni Law Group APC, Daniel S. Robinson of Robinson Calcagnie, Inc., and Patrick Keegan of Keegan & Baker LLP are hereby appointed as Class Counsel for the Settlement Class pursuant to Federal Rule of Civil

3
**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**

Procedure 23.

8.   In evaluating a proposed class action settlement under Federal Rule of Civil Procedure 23(e), the standard is whether the settlement "is fundamentally fair, adequate, and reasonable." The Court has conducted a careful and probing inquiry regarding the Settlement, which meets the heightened fairness standard applicable prior to class certification. Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class Members based on the following factors, among others:

   a.   There is no fraud or collusion underlying this Settlement, and it was reached as a result of extensive arm's-length negotiations, occurring over the course of several months and mediation with a respected mediator. *See, e.g.*, *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (presence of a neutral mediator is a factor weighing in favor of a finding of non-collusiveness).

   b.   The complexity, expense, and likely duration of the litigation favor settlement—which provides meaningful benefits on a much shorter time frame than otherwise possible—on behalf of the Settlement Class Members. *See, e.g.*, *Lane v. Facebook, Inc.*, 696 F.3d 811, 820 (9th Cir. 2012) (affirming the district court's approval of a settlement where class counsel "reasonably concluded that the immediate benefits represented by the Settlement outweighed the possibility— perhaps remote—of obtaining a better result at trial"); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (the Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"). Based on the stage of the proceedings—including Rule 12(b)(6) and Rule 12(f) motions—and the amount of investigation and confirmatory discovery conducted during settlement negotiations, the Parties have developed a perspective on the strengths and weaknesses of their respective cases to "make an informed

decision about settlement." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (quoting *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998)).

    c.    The support of Class Counsel and the Class Representatives, who have participated in this litigation and evaluated the proposed Settlement, also favor final approval. *See Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).

    d.    The Settlement provides meaningful relief to the Class, including cash relief and injunctive relief, and falls within the range of possible recoveries by the Settlement Class Members.

9. The Releases set forth in Section IV.C. of the Settlement Agreement are expressly incorporated herein. The Releases are effective as of the Effective Date, and the Releasing Parties shall have absolutely and unconditionally released and forever discharged the Released Parties from the Released Claims. In addition, the Released Parties are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Parties.

10. The individuals identified in Exhibit A (filed under seal) attached hereto and incorporated by this reference, submitted timely and valid Requests for Exclusion during the Opt-Out Period, are not releasing any claims, and are not bound by the terms of the Settlement Agreement or this Order. These individuals shall not share in the monetary benefits of the Settlement, and this Order does not affect their legal rights to pursue any claims they may have against Defendants.

11. The Court finds that an award of attorneys' fees and expenses in the total amount of $ 1,624,993.28 to Class Counsel is fair and reasonable; and therefore, approves such award. Class Counsel has the sole and absolute discretion to allocate this award to Plaintiffs' Counsel and any other attorneys based on each attorney's contributions to the prosecution and settlement of these Actions. No other counsel will be entitled to an independent award of attorneys' fees or expenses.

12. The Court finds that a Service Award in the amount of $2,500.00 to each

Class Representative is fair and reasonable; and therefore, approves such payment. Such amounts shall be paid to the Class Representatives pursuant to and consistent with the terms of the Settlement Agreement.

13. The Action, including all actions consolidated into the Action, and all individual and class claims asserted in the Second Amended Consolidated Complaint, are settled and dismissed on the merits with prejudice.

14. Consummation of the Settlement shall proceed as described in the Settlement Agreement, and the Court reserves jurisdiction over the subject matter and each Party to the Settlement with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of any of the terms thereof at the instance of any Party and resolution of any disputes that may arise relating to the implementation of the Settlement or this Order.

15. Without affecting the finality of this Order in any way, the Court shall retain jurisdiction over this Action, the Class Representatives, members of the Settlement Class, and Defendants to enforce the terms of the Settlement, the Court's order preliminarily certifying the class (Dkt. 83) and this Order. If any applications for relief are made, such applications shall be made to the Court. To avoid doubt, this Order applies to and is binding upon the Parties, the Settlement Class Members, and their respective heirs, successors, and assigns.

16. The Settlement and this Order are not admissions of liability or fault by the Released Parties, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by the Released Parties. To the extent permitted by law, neither this Order, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by, the Released Parties. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order in a proceeding to consummate or enforce the Settlement or this Order, or to defend

against the assertion of released claims in any other proceeding, or as otherwise required by law.

**IT IS SO ORDERED.**

Dated: __January 16, 2024__          *David O. Carter*

HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**



**Name**

