JS6

1

2

3

4

5

6

7

8

9

10

11

12

13

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

14 **CHRISTINE HELLYER ET AL**

15     **Plaintiffs,**

16

17     **vs.**

18

19 **SMILE BRANDS, INC. ET AL,**

20     **Defendants.**

21

22

23

24

25

26

27

28

**Case No. 8:21-cv-01886-DOC-ADSx**

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES [84]**

JS6

1  Before the Court is Plaintiff's Motion for Attorneys' Fees ("Motion" or "Mot.") (Dkt.

2  84). Defendant does not oppose the Motion. *See* Notice of Non-Opposition (Dkt. 89). The

3  Court heard oral argument on this matter on January 16, 2024. After considering the parties'

4  arguments, the Court GRANTS the Motion.

5  **I.    DISCUSSION**

6  The Ninth Circuit uses two methods for calculating attorneys' fees in class actions. *See*

7  *Florida v. Dunne*, 915 F.2d 542, 545 (9th Cir. 1990); *In re Bluetooth Headset Prods. Liability*

8  *Litig.*, 654 F.3d 935, 941-42 (9th Cir. 2011). The first is the percentage method. Under that

9  method, the court determines the attorneys' fee award based on the amount of the recovery

10  obtained. *See Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989).

11  Generally, courts find that a fee award between 20% and 30% of the recovery is reasonable.

12  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). The second method is the

13  lodestar method. "The lodestar method is a two-step process. First, a court calculates the

14  lodestar figure by multiplying the number of hours reasonably expended on a c\ase by a

15  reasonable hourly rate…. Second, the court determines whether to modify the lodestar figure,

16  upward or downward, based on factors not subsumed in the lodestar figure." *Kelly v. Wengler*,

17  922 F.3d 1085, 1089 (9th Cir. 2016) (internal citations omitted).

18  Here, Plaintiff requests—and Defendant does not oppose—$1.6-million in attorneys'

19  fees. Under either method of calculating fees, Plaintiff's proposal is reasonable. The proposal is

20  only 12.9% of the class's recovery, making it reasonable under the percentage method. *See*

21  *Vizcaino*, 290 F.3d at 1047. Applying the lodestar method, the proposal is similarly reasonable.

22  The lodestar in this case $1,107,737.20. The hours and rates encompassed by the lodestar are

23  reasonable given the complexity of this case and the attorneys' experience. Moreover,

24  Plaintiff's multiplier of 1.44 is conservative given the results that counsel achieved and that

25  they took the case on contingency. *See In re Volkswagen "Clean Diesel" Mktg., Sales Pracs.,*

26  *& Prod. Liab. Litig.*, No. 3:15-md-02672, 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017)

27  ("'Multipliers in the 3-4 range are common in lodestar awards for lengthy and complex class

28  action litigation.'"). Thus, the $1.6 million fee award is reasonable.

JS6

1    Plaintiff also seeks $24,993.28 in costs. These costs were reasonably necessary for the

2  prosecution and resolution of this litigation and were incurred by class counsel for the benefit

3  of the class. As a result, they are recoverable. *See Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th

4  Cir. 2003). The $2,500 service award for each of the class representatives is similarly

5  reasonable and appropriate. *See Viceral v. Mistras Grp., Inc.*, No. 15-cv-02198, 2017 WL

6  661352, at *4 (N.D. Cal. Feb. 17, 2017) ("It is well-established in this circuit that named

7  plaintiffs in a class action are eligible for reasonable incentive payments, also known as service

8  awards."); *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3960068,

9  at * 30- * 31 (N.D. Cal. Aug. 17, 2018) (awarding $7,500 to 29 class representatives and

10  $5,000 to 76 class representatives).

11    **II.    DISPOSITION**

12    For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Attorneys' Fees.

13  In particular, **the Court awards $1,600,000 in fees and $24,993.28 in reimbursement of**

14  **expenses.** Class Counsel has the sole and absolute discretion to allocate this award to Plaintiffs'

15  counsel and any other attorneys based on each attorney's contributions to the prosecution and

16  settlement of these Actions. No other counsel will be entitled to an independent award of

17  attorneys' fees or expenses. **The Court further approves a $2,500 service award to each**

18  **class representative.** Such amounts shall be paid to the Class Representatives pursuant to and

19  consistent with the terms of the Settlement Agreement.

20

21

22    DATED: January 16, 2024

23

24    DAVID O. CARTER

25    UNITED STATES DISTRICT JUDGE

26

27

28